ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff’s application for rehearing caused us to review and now requires us to clarify our language to specify that we "reject plaintiff’s argument that pre-judgment interest from judicial demand is due in every case of unpaid medical expense.”
The only medical expense that plaintiff paid before filing suit was $52.95 for drugs and appliance rental, and it may be conceded he would be entitled to interest on these items.
Also pre-filing, plaintiff incurred doctor’s charges totalling $1,249 before suit, but that doctor both (1) did not add interest to his bills and (2) testified he did charge workers’ compensation patients for followup visits after reducing a fracture, but did not charge his other patients for them. Evidently that doctor’s charges are adjusted with the expectation that they will not be paid immediately.
Among the post-filing bills, one doctor did add interest, and the amount of interest shown by the bill was awarded (although that interest was only for eight months).
Another bill (for $337) shows that the services were not even rendered until over six years after the suit was filed — and only a month and a half before the judgment in the case. To argue that interest is due on that bill from judicial demand is to reject the theory of damages as loss-replacement.
Yet another two bills, for $3,781.25 from a Minnesota welfare agency and $1,270.75 from Minnesota doctors — both included in the judgment — show that the second is to the extent of about 75% or so included in the first. Moreover, the second bill shows that, although the physicians billed $1,270.75, the local welfare department rejected a total of $187.15 as beyond “customary and reasonable” and the doctors’ accounting deducted that amount by “write off.” Thus the trial court awarded most of $1,270.75 (apparently $991.95) more than the proof.
Furthermore, as to the welfare department’s claim for reimbursement for $3,781.25, the date of payment is not shown. Again, plaintiff is not entitled to the interest from judicial demand that he claims, but, at best on this proof, if at all, from the late 1978 date of the affidavit— which does not itself assert any claim for interest.
Plaintiff does not provide an accounting that would show from what dates interest is due on what amounts — not in the trial court and not in this court. If interest were calculable from three or four dates and amounts we might amend the judgment to award him some interest. But many dates and amounts are involved and, as we have explained above, plaintiff has by error been awarded about $1,000 medical expense that was already included in a $3,781.25 bill also awarded.
Plaintiff has the burden in the trial court of proving his case, and in the appellate court of showing that the trial court was clearly wrong. He did not establish in the trial court what interest he was due and he did not show here that the trial court was *33 clearly wrong — especially considering the erroneous overaward of about $1,000 — in failing to award pre-judgment interest to plaintiff.
Rehearing is refused.